# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| **RAUNIE ADAIR,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. __CV421-199__ |
| **EYM PIZZA OF GEORGIA, LLC,** | ) ) ) | |
| Defendant. | ) ) ) ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes Plaintiff Raunie Adair, by and through counsel, and for his Complaint against Defendant EYM Pizza of Georgia, LLC (hereinafter "Defendant") states and alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this lawsuit to remedy Defendant's violation of the Fair Labor Standards Act ("FLSA") to recover from the Defendant unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 et seq., and specifically under the provisions of 29 U.S.C. §§206, 207.

## THE PARTIES

2. At all times relevant, Plaintiff Adair was a citizen of the United States and a resident of Chatham County, Georgia.

3. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

4. Defendant EYM Pizza of Georgia LLC is a foreign limited liability company licensed to do business in Georgia and may be served by delivering a copy of this Complaint to Defendant's Registered Agent for Service of Process Corporation Service Company, 30 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

5. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r). At all times relevant herein, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and Defendant obtains and solicits funds from non-Georgia sources, accepts funds from non-Georgia sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Georgia, and otherwise regularly engages in interstate commerce.

6. The annual gross revenue of the Defendant is at all times material hereto in excess of $500.000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements. In performing his duties for Defendant, Plaintiff used goods and products that had been moved or produced in interstate commerce.

7. At all times relevant herein, Defendant was and is an employer within the meaning of 29 U.S.C. § 203(d).

8. Defendant is subject to the FLSA, 29 U.S.C. §204 and §207.

## FACTS

9. Plaintiff was employed by Defendant in the job title "Production" and "Customer Service Representative" or "CSR", with his last term of employment for purposes of this lawsuit at least three (3) years prior to the date this *Complaint* was served ("Covered Period").

10. Defendant classified Plaintiff as a non-exempt, hourly employee who was eligible to receive overtime pay at a rate of time and one-half (1.5) for hours worked over forty (40) per week.

11. Plaintiff was paid at an hourly rate of $8.50 per hour.

12. Plaintiff kept track of his daily hours worked on a computer system.

13. During Plaintiff's employment, there were several rare instances where an adjustment was made to his time records to correct a valid issue.

14. Defendant regularly and systematically adjusted Plaintiff's time records so that he did not work over forty (40) hours in a week.

15. Defendant forced Plaintiff to work off the clock.

16. In his capacity in production and customer service, Plaintiff's primary duties included preparing, cooking, and packaging food, cleaning, and customer service. Plaintiff spent a vast majority of his work-time performing such duties.

17. Plaintiff was a non-exempt employee.

18. Defendant did not pay him for all of his hours worked (minimum wage and overtime).

19. Defendant denied Plaintiff minimum wage and overtime pay because Defendant forced him to work off the clock and edited his time so that he was not paid for all of his hours worked.

## COUNT I - FAIR LABOR STANDARDS ACT
### (FLSA Minimum Wage Violations)

20. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

21. Defendant forced him to work off the clock, and edited his time records, in order to deny him minimum wage pay.

22. Plaintiff was not paid the minimum wage, contrary to the provisions of Section 6(a) of the FLSA (29 U.S.C. § 206(a)).

23. Defendant willfully and intentionally failed to pay Plaintiff the statutory minimum wage as required by the laws of the United States as set forth above and remains owing him back wages.

24. As a result of the under-payments of wages alleged above, Defendant is indebted to Plaintiff in the amount of the unpaid minimum wage compensation.

## COUNT II - FAIR LABOR STANDARDS ACT
### (FLSA Overtime Violations)

25. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

26. Defendant forced Plaintiff to work off the clock, and edited his time records, in order to deny him overtime wage pay.

27. At all times material hereto, the Employer failed to comply with the FLSA in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA, but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

28. Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

29. Defendant has engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff overtime wages as required by federal law.

30. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

31. Defendant knew or showed reckless disregard for its actions, policies, and/or omissions violated the FLSA.

32. Defendant's unlawful conduct directly and proximately caused Plaintiff to suffer damages for which he is entitled to judgment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor awarding the following relief:

A. Enter judgment awarding Plaintiff all unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d); all overtime compensation for all hours worked over forty (40) in a workweek at the applicable time and a half rate; an equal amount of liquidated damages as the unpaid wages and overtime compensation as provided by 29 U.S.C. §216; pre-judgment interest pursuant to 29 U.S.C. §216; and costs, expert witness fees, and reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and

B. Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 9th day of July, 2021.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Plaintiff*

7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com